UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60279-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

POMPANO HELICOPTERS, INC.,
and JAMES HOWARD, JR.,

    Defendants.
_____/



FILED by ___ D.C.
APR 2 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Orders of Reference (DE 52, 55, 74) from United States District Judge Daniel T.K. Hurley. Pending before the Court are the following Motions by the Defendants:

(1)     Motion to Dismiss Mail Fraud Counts of Indictment as Time-Barred (DE 40), filed March 9, 2009. The Government filed a Response (DE 62) on April 1, 2009;

(2)     Motion to Dismiss Count 3 of Indictment Based Upon Improper Venue (DE 42), filed March 9, 2009. The Government filed a Response (DE 63) on April 1, 2009;

(3)     Motion to Dismiss Indictment for Pre-Indictment Delay (DE 44), filed March 9, 2009. The Government filed a Response (DE 64) on April 1, 2009;

(4)     Motion to Dismiss Counts 1 and 2 for Failure to State an Offense (DE 54), filed March 10, 2009. The Government filed a Response (DE 66) on April 1, 2009;

1

...

(5) Motion to Dismiss Indictment or for Alternative Relief Based Upon Government's Destruction of Critical Evidence (DE 72), filed April 9, 2009. The Government filed a Response (DE 75) on April 13, 2009, and a Supplemental Response (DE 77) on April 15, 2009.

The Court held a hearing on the Motions on April 14, 2009. The matters are ripe for review.

## BACKGROUND

The Defendants are charged by Indictment (DE 3) with two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, and one count of making false statements, in violation of 18 U.S.C. §§ 1001(a)(3) and 2. The Indictment alleges the Defendants sold a helicopter without the knowledge and required approval of the lender and secured parties, kept the proceeds, and mailed a forged Release and Disclaimer to the FAA to have the helicopter deregistered so the Defendants could provide clear title to the purchaser.

## PARTIES' CONTENTIONS

For simplicity, the Court includes the parties' contentions within the discussion of each motion below.

## DISCUSSION

1. <u>Motion to Dismiss Mail Fraud Counts of Indictment as Time-Barred (DE 40)</u>

In the Motion to Dismiss Mail Fraud Counts of Indictment as Time-Barred (DE 40), the Defendants seek dismissal of Counts 1 and 2 on the grounds those counts are time-barred by the statute of limitations at 18 U.S.C. § 3282(a) for non-capital criminal cases. The mail fraud in Count 1 allegedly occurred on September 29, 2003. The mail fraud in Count 2 allegedly occurred on October 2, 2003. The Indictment (DE 3) was returned on

September 25, 2008. The Defendants claim that the object of the alleged scheme was achieved in December 2002, when the proceeds from the helicopter the Defendants are alleged to have improperly sold were received by the Defendants. Thus, Defendants argue, the conduct is outside of the five-year statute of limitations.

The Government argues that the receipt of money by the Defendants was not the only purpose of the scheme. The Government claims that an essential part of the scheme was for the Defendants to convey the purchaser clear title to helicopter N72PH. To do so, the Defendants needed to file a release with the FAA, where the security interest was recorded. The Government contends that the provision of false documents to the FAA, accomplished by the acts of mail fraud alleged in Counts 1 and 2, was a necessary part of the scheme to defraud so that the helicopter could be deregistered by the FAA and clear title transferred to the purchaser. The Government further submits that the sale was not complete until the security interests were released by the FAA.

One element of a mail fraud violation is that the scheme to defraud involves the use of the mails. U.S. v. Kent, 608 F.2d 542, 545 (5th Cir. 1979); see also Eleventh Circuit Pattern Jury Instructions (Criminal Cases) § 50.1 (West 2003). Here, the use of the mails was the Defendants' mailing of the forged Release and Disclaimer to the FAA on September 29, 2003, and the filing fee on October 2, 2003. The Indictment does not charge any crime that was completed before the mailing of the allegedly forged Release and Disclaimer. The Government alleges that '[i]t was a purpose of the scheme and artifice for the defendants to unlawfully enrich themselves by, among other things . . . providing false documents to the FAA so that helicopter N72PH could be deregistered from the FAA and

3

clear title could be transferred to the purchaser."[1]

The Defendants argue the legal implications of the facts alleged by the Government, claiming the mailing was not in furtherance of the alleged scheme to defraud. See Kann v. United States, 323 U.S. 88 (1944). However, the Defendants do not dispute the date of the mailings. The acts of alleged mail fraud are necessarily within the statutes of limitations, since the statutes began to run when the acts of alleged mail fraud occurred. There is no summary judgment procedure in criminal cases. United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). The Defendants' argument that a jury could not find that the mailing in this case was in furtherance of the alleged scheme to defraud must therefore wait until the Government has presented its case. The Motion (DE 40) should be denied.

2. Motion to Dismiss Count 3 of Indictment Based Upon Improper Venue (DE 42)

In the Motion to Dismiss Count 3 of Indictment Based Upon Improper Venue (DE 42), Defendants seek dismissal of Count 3 of the Indictment (DE 3), which charges the Defendants with making false statements in violation of 18 U.S.C. §1001(a)(3) and 2. Count 3 alleges that the Defendants knowingly and wilfully made and presented to the FAA a false FAA Release and Disclaimer, knowing that the secured entities had not released their security interests in the aircraft. The Defendants argue that since the writing the Government alleges constitutes a false statement was sent to the FAA in Oklahoma City, Oklahoma, the Government is required to prosecute the offense in that district. The Defendants cite Rule 18 of the Federal Rules of Criminal Procedure, which states that

---

[1] It remains to be seen whether the Government will be able to prove its case at trial.

4

absent a rule or statute to the contrary, "the government must prosecute an offense in a district where the offense was committed."

18 U.S.C. § 1001 does not contain a venue provision, and therefore the general venue provisions of 18 U.S.C. § 3237(a) are used. See United States v. Ospina, 798 F.2d 1570, 1577 (11th Cir. 1986). 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

In the present case, the Indictment alleges that the Defendants created and mailed the false statement from Pompano Beach, Florida, in this District. Venue in this District is clearly proper under 18 U.S.C. § 3237(a).

United States v. Bush, 2007 WL 3131317 (S.D. Ala. 2007), upon which the Defendants rely, does not support the Defendants' position. In Bush, the defendant faxed the false statements from the Northern District of Alabama to the Bureau of Prisons in Louisiana. Bush, at *1. The District Court for the Southern District of Alabama found venue improper in that district for violations of 18 U.S.C. § 1001 because none of the alleged acts by the defendant occurred in the Southern District of Alabama. Id. at *3. The Court rejected the Government's argument that the fact the false statements would affect

5

an FBI investigation taking place in the Southern District of Alabama made venue proper there, finding that "the connection is too remote to establish venue." Id. In contrast, the Government clearly alleges in the present case that Defendants committed the act o creating and mailing the false statement from this District. The Motion should be denied.

3. Motion to Dismiss Indictment for Pre-Indictment Delay (DE 44)

In the Motion to Dismiss Indictment for Pre-Indictment Delay (DE 44), the Defendants seek dismissal of the Indictment based on the amount of time it took the Government to file it, even if the Indictment was filed within the statute of limitations. The alleged criminal acts occurred on September 29, 2003, and October 2, 2003. The Defendants were indicted on September 25, 2008 (DE 3). The Defendants argue that in the interim, "documents proving Defendants' innocence have been lost or destroyed" and "[w]itnesses have disappeared, died, and/or have forgotten key aspects of the incidents alleged."

The Government responds that the Defendants have not met the burden to show pre-indictment delay. The Government claims the Defendants have not shown the delay was for anything other than legitimate reasons or simple inaction based on the agency's workload. The Government also argues the Defendants have not shown any prejudice, as they have not identified documents they claim were lost or destroyed, the witness they claim died, and the importance of the witness or documents to their defense.

At the April 14, 2009 hearing, Defendant James Howard testified that documents that would aid his defense were destroyed by Hurricane Wilma in 2005. Howard identified the documents as insurance records, checks, flight logs, and documents showing that TFC

approved the sale of helicopter N72PH that the Government alleges was done without permission. Howard also identified the deceased witness as Dave Smith, who died in July 2008. According to Howard, Smith did public relations work for Pompano Helicopters, and often arranged contracts for Pompano Helicopters. Howard testified that he discussed the sale of helicopter N72PH with Howard, and that Smith could corroborate Howard's testimony at trial that Howard believed he had permission from TFC to sell the helicopter as he did.

Where possibility of prejudice derives from pre-indictment delay, the defendant in a criminal case must first resort to the applicable statute of limitations. See United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307 (1971). However, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period. Lovasco, 431 U.S. at 789. The Eleventh Circuit, following Lovasco and Marion, utilizes a two-prong test to determine if pre-indictment delay rises to a constitutional violation necessitating the drastic remedy of pre-trial dismissal. United States v. Benson, 846 F.2d 1338, 1341 (11th Cir. 1988); United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996). To prove a due process violation "resulting from pre-indictment delay" a defendant must show: (1) the delay caused actual prejudice to his defense; and (2) the Government deliberately designed the delay to gain a tactical advantage. Foxman, 87 F.3d at 1222.

Defense counsel acknowledged at the hearing that the applicable standard requires a showing that the delay was for a tactical advantage. However, the Defendants rely on an attempted showing of prejudice combined with an assertion that a long delay without a

valid reason for the delay from the Government is sufficient to establish a due process violation. This is insufficient. To satisfy the second part of the test, a defendant must show deliberate prosecutorial delay used to gain a tactical advantage. Id. Furthermore, the Government does not have the burden of coming forward with a reason for the delay. United States v. Thomas, 62 F. 3d 1332, 1339 (11th Cir. 1995). There is no due process violation when the delay is the result of the Government's negligence, as "the delay cannot be attributed toward the government's deliberate attempt to gain an advantage." Benson, 846 F. 2d at 1343.

Here, Howard's testimony related only to the prejudice the Defendants claim as a result of the delay from the loss of documents and the death of Dave Smith. The Defendants present no facts which support the position that the Government acted in either bad faith or deliberately to gain tactical advantage. The Defendants failed to make any showing that the delay was for anything other than negligence on the part of the Government or the delay associated with the workloads of the Government actors involved. The Court finds that, under the test set forth in Foxman, the Defendant's Fifth Amendment Due Process Rights were not violated by the Government's pre-indictment delay in this matter. The motion (DE 44) should be denied.

4. Motion to Dismiss Counts 1 and 2 for Failure to State an Offense (DE 54)

The Defendants make five primary arguments in support of the Motion (DE 54) that the mail fraud counts of the Indictment fail to state an offense: (1) that neither Textron Financial Corporation (TFC) nor Cessna Financial Corporation (CFC) had a security interest in helicopter N72PH at the time it was sold in December 2002; (2) that no valid

security interest was ever perfected by any of the entities alleged in the Indictment; (3) that the security interest on which Counts 1 and 2 are based is not a property right recognized by the federal mail fraud statute; (4) that even if TFC or CFC had a property right at the time of the sale of the helicopter, neither had a right to immediate payment from the sale proceeds; and (5) that Counts 1 and 2 of the Indictment are vague, indistinct, and fail to adequately inform the Defendants of the offenses they allegedly committed.

In criminal proceedings, there is no summary judgment procedure. Critzer, 951 F.2d at 307. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Id. Thus, issues which are properly raised, and decided, by a pretrial motion to dismiss are those capable of determination without the trial of the general issue. Fed. R. Crim. P. 12(b). "If a claim or defense, even a constitutional one, implicates the 'general issue,' the proper procedure is to defer ruling until after the prosecution has presented its case." United States v. Ferguson, 142 F. Supp. 2d 1350, 1354 (S.D. Fla. 2000) (citing United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987)). Defense counsel acknowledged at the April 14, 2009 hearing that arguments (1), (2), and (4), regarding the security interest in helicopter N72PH raise factual issues that are not capable of determination at this stage.

The Court also finds the Defendants' argument that the security interest on which Counts 1 and 2 are based is not a property right recognized by the federal mail fraud statute without merit. "[T]he mail fraud statute applies to any fraudulent scheme involving a monetary or property interest, whether that interest is tangible or intangible." United States v. Dynalectric Co., 859 F.2d 1559, 1570 (11th Cir. 1988). A security interest is a property

9

right, and the taking of a security interest will support a conviction for mail fraud when the other statutory elements are present. See Ward v. United States, 845 F.2d 1459, 1462 (7th Cir. 1988) (citing Carpenter v. United States, 484 U.S. 19 (1987)).

Finally, the Court finds Counts 1 and 2 of the Indictment are sufficiently clear and adequately inform the Defendants of the offenses they are alleged to have committed. The Defendants complain that the reference to "TFC, its lender, and other parties holding a security interest in the aircraft" in Counts 1 and 2 render the counts vague and leave the Defendants unable to defend the case. A review of the Indictment reveals that the parties the Government alleges possessed a security interest in the helicopter are adequately described in the General Allegations of the Indictment. The Motion (DE 54) should be denied.

5. <u>Motion to Dismiss Indictment or for Alternative Relief Based Upon Government's Destruction of Critical Evidence (DE 72)</u>

On April 9, 2009, the Defendants filed a Motion (DE 72) claiming the Indictment should be dismissed because the FAA has destroyed the original Release and Disclaimer that the Government alleges Defendants forged and sent to the FAA to have the helicopter deregistered. The Defendants claim the original document is exculpatory, and that the Defendants are now prevented from having the original analyzed in order to assist the defense. As alternative remedies to dismissal, the Defendants seek exclusion of any copies of the Release and Disclaimer from evidence, exclusion of any argument that the Defendants submitted a forged FAA Release and Disclaimer, and a jury instruction advising the jury of the FAA's destruction of the original Release and Disclaimer.

The Eleventh Circuit describes the required showing as follows:

> In order to show that the loss of evidence by the government constitutes a denial of due process, the defendant must show that the evidence was likely to significantly contribute to his defense. California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). "To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489, 104 S.Ct. at 2534 (citation omitted). In addition, the loss of potentially useful evidence by the government does not constitute a denial of due process unless the defendant can show that the police acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed. 2d 281 (1988); United States v. Nabors, 707 F.2d 1294, 1297 (11th Cir. 1983), cert. denied, 465 U.S. 1021, 104 S.Ct. 1271, 79 L.Ed.2d 677 (1984).

U.S. v. Brown, 9 F.3d 907, 910 (11th Cir. 1993).

The original FAA Release and Disclaimer was destroyed as a course of normal procedure when the FAA converted records from microfiche to an electronic system. The Defendants fail to demonstrate that the original Release and Disclaimer held exculpatory value apparent to anyone at the time it was destroyed. The Defendants also fail to establish that the document was destroyed in bad faith. Finally, the Defendants have comparable evidence in the form of a copy of the Release and Disclaimer, that they may use for handwriting analysis or otherwise use in their defense. The Defendants' Motion (DE 72) should be denied.

## RECOMMENDATION

For the reasons stated above, this Court respectfully recommends to the District Court that the following Motions by the Defendants be DENIED:

(1)  Motion to Dismiss Mail Fraud Counts of Indictment as Time-Barred (DE 40);

11

(2)  Motion to Dismiss Count 3 of Indictment Based Upon Improper Venue (DE 42);

(3)  Motion to Dismiss Indictment for Pre-Indictment Delay (DE 44);

(4)  Motion to Dismiss Counts 1 and 2 for Failure to State an Offense (DE 54);

(5)  Motion to Dismiss Indictment or for Alternative Relief Based Upon Government's Destruction of Critical Evidence (DE 72).

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)©. Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 21 day of April, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Daniel T.K. Hurley
All counsel of record