UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60279-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

POMPANO HELICOPTERS, INC.,
and JAMES HOWARD, JR.,

    Defendants.
_____/

FILED by _____ D.C.
APR 2 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court on Order of Reference (DE 50) from United States District Judge Daniel T.K. Hurley. Pending before the Court is the Defendants' Motion for Specific <u>Kyles</u>, <u>Brady</u> and Other Information (DE 39), filed March 9, 2009. The Government filed a Response (DE 61) on April 1, 2009. The Court held a hearing on the Motion on April 14, 2009. The matter is ripe for review.

Each of the requests for information set forth in the Defendants' Motion (DE 39) is discussed below, along with the resolution of the request.

In request (a), the Defendants request "information and documents as to which entity, person or law firm initially provided the information to the federal government which resulted in a federal investigation and ultimately this indictment", as well as all related correspondence. At the hearing, the Government provided the information requested in the first part of the Defendants' request by identifying the individual who provided the

1

information to federal authorities that led to the investigation of the Defendants. The Government objects to providing the Defendants related correspondence, on the grounds that it is not exculpatory. This motion is denied and the Government is reminded of its obligation under Brady v. Maryland, 373 U.S. 83 (1963), which is already set forth in the standing discovery order in this case (DE 16).

In request (b), the Defendants request "the date when the FBI declined prosecution and the reason for the declination." The Government pointed out that this request is confusing, as the FBI does not decline prosecution; the United States Attorney is going forward with prosecuting the case. The motion is denied.

The Defendants' Motion also asks the Government to provide:

(c) the date that the Department of Transportation began its investigation;

(d) all information and documents relating to whether any employees or agents of Textron Financial Corporation, Textron, Inc., Cessna Financial Corporation, Textron Financial Corporation Receivables Trust 2000-B, or Bank of New York received any adverse employment action due to their handling of the matters leading to the Indictment;

(e) information and documents regarding any inconsistent statement or interviews given to any law enforcement agency, federal agency, law enforcement officer, government attorney, prosecutor, Grand Jury, or any other government official by any witness or person with any knowledge of the facts underlying this case; and

(f) all information or evidence relating to any breach of the Grand Jury's secrecy requirements as well as information or evidence as to whether any non-law enforcement person was advised that Defendant Howard was going to be indicted prior to the issuance of the Indictment and/or arrested prior to the date of his arrest.

Requests (c) through (f) are now moot. The Government provided the information sought by the Defendants in request (c) in the Government's Response (DE 61) and again

2

at the hearing. As to requests (d) through (f), the Government answered that the information does not exist. Accordingly, it is hereby ORDERED that

(1) the Defendants' Motion (DE 39) as to request (a) is DENIED as moot, since it is already granted in the standing discovery order (DE 16);

(2) the Defendants' Motion (DE 39) as to request (b) is DENIED;

(3) the Defendants' Motion (DE 39) as to requests (c) through (f) is DENIED as moot.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 21 day of April, 2009.

_____
ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Daniel T.K. Hurley
All counsel of record